# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE F. POOLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-1849 NAB |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10] On March 28, 2014, the Court administratively closed this matter in light of bankruptcy proceedings involving Defendant GMAC Mortgage, LLC ("GMAC"). [Doc. 31] This matter is now before the Court on GMAC's Motion to Reopen Case and for Leave to File Motion to Dismiss filed on May 16, 2017. [Doc. 32] In the motion, GMAC stated that the bankruptcy proceedings are still pending and that Plaintiffs do not consent to voluntary dismissal of the case. This Court issued an Order on May 31, 2017, [Doc. 33] requiring Defendant to file a memorandum in support of its motion, setting forth with specificity this Court's authority to reopen the case while the bankruptcy proceedings that triggered the stay remain pending. In response, Defendant filed a memorandum supporting the motion on June 14, 2017. [Doc. 34] For the reasons set forth below, the Court will grant Defendant's motion to reopen the case and for leave to file a motion to dismiss.

**Background**

On July 10, 2006, the Pooles took out a mortgage on their property at 220 River Rock Drive, in Union, Missouri. When the Pooles allegedly defaulted on their payments, the property

was foreclosed. GMAC purchased the property at the foreclosure sale on May 4, 2011, and subsequently conveyed it to another party. [Doc. 17-1 ¶ 9] On March 29, 2011, the Pooles filed a Petition for Wrongful Foreclosure in the Circuit Court of Franklin County, Missouri.

On October 24, 2011, GMAC removed the Pooles' wrongful foreclosure action to the United States District Court for the Eastern District of Missouri. [Doc. 1] On November 2, 2011, GMAC filed a Motion to Dismiss the Pooles' claim and a memorandum in support of the motion. [Doc. 8] The Pooles filed a Response on December 21, 2011 [Doc. 16] and GMAC filed a Reply on January 6, 2012 [Doc. 17].

On May 14, 2012, GMAC filed for Chapter 11 bankruptcy in the Southern District of New York, triggering an automatic stay of other proceedings, including this action, pursuant to 11 U.S.C. § 362(a). On July 13, 2012, the Bankruptcy Court entered a Final Supplemental Order ("Order"). The Order allowed certain claims to proceed against GMAC during the bankruptcy process. On November 18, 2013, Defendant filed a Motion to Dismiss Plaintiffs' Petition for Wrongful Foreclosure [Doc. 24] and a memorandum in support of the motion [Doc. 27], in which Defendant argued that, pursuant to the Order, this Court could rule on its Motion to Dismiss notwithstanding the automatic stay. On March 28, 2014, the Court denied Defendant's motion, finding that Defendant had failed to demonstrate that the Court retained authority to rule on the motion despite the automatic stay, and ordered that the case be administratively closed "until such time as the bankruptcy proceedings have been concluded or Court action is otherwise required." [Doc. 31] Additionally, the Court ordered that all pending motions in the case be denied without prejudice, and must be refiled if the case was subsequently reopened. *Id*.

In its present Motion, Defendant seeks to reopen the case for the "limited purpose of dismissal or other final adjudication." [Doc. 32 at 2] Defendant states that Plaintiffs have

expressed a wish to rent or repurchase the property at issue in this action, and the "appearance of this case on title to the property prevents further transfer or sale of the property." *Id*. In its memorandum in support of the motion, GMAC states that "the Court may reopen the action . . . because the bankruptcy case's confirmation order has now been entered and the Chapter 11 plan has been effective since December 2013." [Doc. 34 at 1] Defendant argues that "[b]y operation of bankruptcy law, the automatic stay is terminated, and the existence of GMAC's bankruptcy case does not impede this Court's authority to rule" on its motion. *Id*. In support of this contention, Defendant states that Section 362(d)[1] of the Bankruptcy Code ("Code") provides that the automatic stay "continues until [a debtor's] property is no longer part of the estate." Defendant argues that when the Bankruptcy Court entered its confirmation order on December 17, 2013, approving the terms of the Chapter 11 Plan ("Plan"), all remaining estate assets were transferred to a trust for the benefit of creditors, and therefore, none of Defendant's property remained in the estate. [Doc. 34 at 3] Accordingly, Defendant argues, the automatic stay terminated on the confirmation date of the Plan, pursuant to the operation of Section 362 of the Code.[2]

**Discussion**

The filing of a bankruptcy petition automatically imposes a stay prohibiting creditors from taking action against a debtor and property of the debtor's estate. *See* 11 U.S.C. § 362(a). Pursuant to Section 362(c), the stay remains in effect with respect to estate property until that property is no longer property of the estate. *See* 11 U.S.C. § 362(c)(1). Regarding legal actions

---

[1] Defendant's reference to Section 362(d) appears to have been made in error, as the quoted language is actually found in Section 362(c).
[2] Defendant fails to cite to any case law that could assist the Court in determining the validity of Defendant's assertions regarding the operation of the Code on the automatic stay post-confirmation.

3

involving the debtor, the stay generally remains in effect until: (1) the bankruptcy case is closed; (2) the case is dismissed; or (3) a discharge is granted or denied. *See* U.S.C. § 362(c)(2)(C).

At issue here is whether the Section 362 stay remains in effect after the bankruptcy court confirms a Chapter 11 plan of reorganization. The Court concludes that it does not. "Upon confirmation of a plan of reorganization, the automatic stay is ordinarily terminated." *In re Ernst*, 45 B.R. 700, 701 (Bankr.D.Minn. 1985) (citing cases). Furthermore, the fact that the bankruptcy proceeding is still pending does not impede this Court's authority to reopen the case. "Retention of jurisdiction in a bankruptcy case post-confirmation cannot operate to continue the Section 362 stay. The stay is imposed automatically by operation of law and is terminated automatically by operation of law." *See id*. at 702.

Based on the foregoing, the Court finds that the Section 362 stay automatically terminated in this case on December 17, 2013, upon confirmation of the Plan by the Bankruptcy Court, and this Court is free to reopen the case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Case and for Leave to File Motion to Dismiss is **GRANTED**. [Doc. 32].

**IT IS FURTHER ORDERED** that Defendant shall file a motion to dismiss no later than fourteen (14) days from the date of this Order.

Dated this 14th day of November, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE